[No. 11797. Department Two. May 5, 1914.]

THE STATE OF WASHINGTON, on the Relation of J. E. Horan,
Appellant, v. CLARK V. SAVIDGE, as Commissioner
of Public Lands, et al., Respondents.[1]

PUBLIC LANDS—DISPOSAL OF STATE LANDS—OYSTER LANDS—CANCELLATION OF DEED—POWERS OF COMMISSIONER. Under Rem. & Bal. Code, § 6804, authorizing the commissioner of public lands to cancel a state deed of oyster lands, if the lands be used for other purposes than the cultivation of oysters, the commissioner has no authority to cancel a deed upon a showing that the purchaser has failed to use the lands for the cultivation of oysters; since the power is special and its exercise limited to one cause.

SAME—POWER OF COMMISSIONER—STATUTE—CONSTRUCTION. The rule that all grants from the state shall be strictly construed against the grantee has no application to the construction of the statutory power conferred upon the commissioner of public lands by Rem. & Bal. Code, § 6804, to cancel an oyster land deed for a specified cause.

[1]Reported in 140 Pac. 559.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered April 28, 1913, sustaining, upon certiorari, the refusal of the commissioner of public lands to cancel a state deed of oyster lands. Affirmed.

*Frank C. Owings,* for appellant.

*Kerr & McCord,* for respondents.

Morris, J.—Appellant instituted proceedings before the commissioner of public lands, seeking to cancel a deed to state lands under the provisions of the act of March 2, 1895, found in Rem. & Bal. Code, §§ 6799 to 6805 (P. C. 373 §§ 43, 61), providing for the sale by the state of tide lands to be used "for oyster planting purposes only." Cancellation of this deed was sought upon two grounds: (1) that the purchaser had wholly failed to use the land for the planting and cultivation of oysters; and (2) that the land was being used for hunting purposes. The commissioner held there was no evidence to show that the land was used for any purpose other than the cultivation of oysters and, having so held, refused to make a finding upon the first contention that the land was not being used for the planting and cultivation of oysters, upon the ground that the power vested in his office to cancel deeds issued under this act could be exercised only when it appeared that the lands were used for purposes other than the cultivation of oysters, as provided in § 9 of the act; Rem. & Bal. Code, § 6804 (P. C. 373 § 59):

"If said land be used by the purchasers or any successors in interest of such purchaser in whole or in part for other than the purposes specified in this chapter, then upon application by any citizen to the state land commissioner such sale may be canceled, . . ."

Relator then sued out a writ of review to the lower court, and upon reviewing the decision of the commissioner, it was in all things sustained by the lower court, and relator appeals.

It is not contended by the relator that his evidence establishes the fact that the land is used in whole or in part for any other purpose than the cultivation of oysters; his contention here, so far as he makes any contention upon the facts, being that the purchaser has failed to use the lands for planting and cultivation of oysters. It is doubtful if the evidence establishes either contention raised by relator. But since there is a legal question which is decisive of the appeal, it will not be necessary for us to pass upon any question of fact. It needs no citation of authority to establish the principle here controlling, that a purely statutory power must be exercised in strict compliance with the terms of the statute, and that, when under a statute a special power is conferred upon officials and the manner of its exercise specifically pointed out, such power must be exercised only in the prescribed manner. *State ex rel. Sieler v. Virnig*, 77 Wash. 502, 137 Pac. 1039. This statute empowers the state land commissioner to cancel the sale upon one ground only, and that ground is that the land is being used in whole or in part for other than the purposes specified in the act. Here the power is special, and its exercise is limited to one cause. If the cause does not exist, the power is lacking.

A like question was determined in *State ex rel. Bussell v. Callvert*, 33 Wash. 380, 74 Pac. 573, interpreting the act of March 16, 1897; Laws 1897, p. 229, relating to the leasing of state lands. Section 25 (p. 244), of the act, being Rem. & Bal. Code, § 6687 (P. C. 477 § 87), provides that the commissioner of public lands should declare a forfeiture of all such lands for nonpayment of annual rent after sixty days' notice to the lessee, and it was held that no power vested in the state land commissioner to forfeit leases for any reason other than the nonpayment of rent. In so holding, the court said:

"This is the only provision of the law, so far as we are advised, authorizing the forfeiture or cancellation of leases by

the commissioner. And, as it is admitted that no rent was due upon the lease at the time of the attempted forfeiture, it would seem logically to follow that the commissioner had no legal authority or power to cancel it, and that his declaration of forfeiture was without force or effect as to the rights of the relator. It cannot be presumed that the legislature intended to clothe the commissioner of public lands with power to annul leases formally executed by the state for any reason other than that specifically mentioned in the statute; . . ."

This case is decisive. If the state land commissioner cannot forfeit a lease except for the cause specified in the statute, upon the same reasoning he cannot cancel a deed except for the cause specified in the statute.

Relator contends that the application of this rule is negatived by that other rule that all grants from the state shall be strictly construed against the grantee. We cannot see the application of this last rule to the question before us. No question is here raised as to what passed by the grant from the state. Neither is the power of the state to make the grant, nor the right of the grantee to receive it, questioned. Nor does any question arise as to the intent of the grant. The sole question is as to power vested in the state land commissioner under this statute clothing an administrative officer of the state with quasi judicial powers. *State ex rel. Abbott v. Ross*, 62 Wash. 82, 113 Pac. 273. In that case, it was held that the power of the state land commissioner to cancel grants under this statute was not violative of any constitutional limitation, although two of the judges expressed grave doubts as to the validity of a statute conferring power on the commissioner to forfeit a grant for a breach of a condition subsequent. Inferentially, this case supports a holding that, if this power be sustained, it will not be enlarged beyond the language conferring it.

The judgment is affirmed.

CROW, C. J., PARKER, FULLERTON, and MOUNT, JJ., concur.